Gregory D. Miller
Timothy P. Gonzalez
Catherine Salerno
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601-7082
Telephone: 201-287-2460
Facsimile: 201-489-0495
gregory.miller@rivkin.com
timothy.gonzalez@rivkin.com
catherine.salerno@rivkin.com

*Attorneys for Defendants Natco Pharma Limited, Sun Pharmaceutical Industries, Ltd., and Sun Pharmaceutical Industries, Inc.*

OF COUNSEL:

Robert Cerwinski (admitted *pro hac vice*)
C Kyle Musgrove (admitted *pro hac vice*)
Michael Johnson (admitted *pro hac vice*)
Brigid Morris (admitted *pro hac vice*)
Zachary Travis (admitted *pro hac vice*)
**GEMINI LAW LLP**
32 W 39th Street
New York, NY 10018
(917) 915-8832
rcerwinski@geminilaw.com
kmusgrove@geminilaw.com
mjohnson@geminilaw.com
bmorris@geminilaw.com
ztravis@geminilaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GENENTECH, INC., HOFFMANN-LA ROCHE INC., and PTC THERAPEUTICS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATCO PHARMA LIMITED, SUN PHARMACEUTICAL INDUSTRIES, LTD., SUN PHARMACEUTICAL INDUSTRIES, INC., ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS LIFESCIENCES LTD., and ZYDUS PHARMACEUTICALS (USA) INC.,<br><br>*Defendants*. | C.A. No. 2:24-cv-10567-BRM-JSA |

**DEFENDANTS NATCO PHARMA LIMITED, SUN PHARMACEUTICAL INDUSTRIES, LTD., AND SUN PHARMACEUTICAL INDUSTRIES, INC.'S**
**<u>ANSWER TO FIRST AMENDED COMPLAINT (D.I. 98)</u>**

Defendants Natco Pharma Limited ("Natco"), Sun Pharmaceutical Industries, Ltd. ("Sun India"), and Sun Pharmaceutical Industries, Inc. ("Sun USA," and collectively with Sun India "Sun"), by and through their undersigned attorneys, hereby respectfully respond to the First Amended Complaint (D.I. 98) filed by Plaintiffs Genentech, Inc. ("Genentech"), Hoffman-La Roche, Inc. ("Roche"), and PTC Therapeutics, Inc. ("PTC") (collectively, "Plaintiffs"). This pleading is based upon Natco and Sun's knowledge as to its own activities, and upon information and belief as to other matters. Pursuant to Fed. R. Civ. P. 8(b)(3), Natco and Sun deny all allegations in Plaintiffs' Complaint except those admitted specifically below.

## THE NATURE OF THE ACTION

1. This is an action for patent infringement under the laws of the United States, including 35 U.S.C. §§ 271(a), (b), (c), (e), and (f), arising from Natco's Abbreviated New Drug Application No. 219848 (the "Natco ANDA") and Zydus's Abbreviated New Drug Application No. 219902 (the "Zydus ANDA") to the United States Food and Drug Administration ("FDA"), by which Natco in collaboration with Sun, and Zydus, each seek approval to market a generic version of Genentech and Roche's pharmaceutical product EVRYSDI® (risdiplam) prior to the expiration of one or more of United States Patent Nos. 9,586,955 (the "'955 Patent"), 9,969,754 (the "'754 Patent"), 11,534,444 (the "'444 Patent"), 11,827,646 (the "'646 Patent"), and 11,938,136 (the "'136 Patent" and, collectively with the '955 Patent, the '754 Patent, the '444 Patent, the '646 Patent, and the '136 Patent, the "Asserted Patents"), which cover, *inter alia*, EVRYSDI® and/or its use.

**RESPONSE:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Natco and Sun admit that Plaintiffs purport to bring this action for alleged patent infringement under the laws of the United States, including 35 U.S.C. § 271, following the submission of the Natco ANDA to FDA. Natco and Sun admit that Plaintiffs purport to bring this action for infringement of United States Patent Nos. 9,586,955 (the "'955 Patent"), 9,969,754 (the "'754 Patent"), 11,534,444 (the "'444 Patent"), 11,827,646 (the "'646 Patent"), and 11,938,136 (the "'136 Patent" and, collectively with the '955 Patent, the '754 Patent, the '444 Patent, the '646 Patent, and the '136 Patent, the "Asserted Patents"). Natco and Sun

admit that the Natco ANDA seeks approval to market Natco's ANDA Product, such that it can be sold in the United States prior to the expiration of the Asserted Patents. Sun and Natco deny any remaining allegations in this paragraph.

## THE PARTIES

### Plaintiffs

2. Plaintiff Roche is a New Jersey corporation with a principal place of business at 150 Clove Road, Little Falls, NJ 07424. Roche is a pharmaceutical company that researches, develops, and manufactures drugs to address unmet medical needs. Roche helped develop and obtained approval from FDA to market EVRYSDI®, the first and only therapy approved by FDA for treatment of spinal muscular atrophy ("SMA") in adults and children two months of age and older that can be administered orally at home.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

3. Plaintiff Genentech is a Delaware corporation with a principal place of business at One DNA Way, South San Francisco, CA 94080. Genentech is a biotechnology company that develops, manufactures, and commercializes medicines to treat patients with serious and life-threatening medical conditions. Genentech holds the exclusive right to sell, distribute, and market EVRYSDI® in the United States.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

4. Plaintiff PTC is a Delaware corporation with a principal place of business at 500 Warren Corporate Center Drive, Warren, NJ 07059. PTC is a pharmaceutical company focused on the discovery, development, and commercialization of clinically differentiated medicines that provide benefits to patients living with rare disorders.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

### Natco and Sun

5. On information and belief, Defendant Natco is a corporation organized and existing under the laws of India, having its corporate offices and principal place of business at Natco House, Road No. 2, Banjara Hills, Hyderabad-500 034, India.

**RESPONSE:** Natco admits it is organized and existing under the laws of the Republic of India with a place of business at Natco House, Road No. 2, Banjara Hills, Hyderabad-500 034, India. Sun and Natco deny any remaining allegations in this paragraph.

6. On information and belief, Defendant Sun Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, 400063, India.

**RESPONSE:** Admitted by Sun India.

7. On information and belief, Defendant Sun Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2 Independence Way, Princeton, NJ 08540, and another place of business at 1 Commerce Drive, Cranbury, NJ 08512. On information and belief, Sun Inc. is headquartered in Princeton, New Jersey. On information and belief, Sun Inc. is a wholly owned subsidiary of Sun Ltd. and is controlled by Sun Ltd.

**RESPONSE:** Sun USA admits that it is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 2 Independence Way, Princeton, New Jersey 08540. Sun admits that Sun USA is indirectly wholly owned by Sun India. Sun and Natco deny any remaining allegations in this paragraph.

8. On information and belief, Natco, Sun Ltd., and Sun Inc. acted in concert to prepare and file the Natco ANDA.

**RESPONSE:** Denied.

**Zydus**

9. On information and belief, Defendant Zydus FZE is a corporation organized and existing under the laws of Dubai, United Arab Emirates, having a principal place of business at FZJO B2601, Jebel Ali Free Zone Dubai, Dubai, United Arab Emirates. On information and belief, Zydus FZE is a wholly owned subsidiary of Zydus Ltd. and is controlled by Zydus Ltd.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

10. On information and belief, Defendant Zydus Ltd. is a corporation organized and existing under the laws of India, having its corporate offices and principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, Gujarat, India.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

11. On information and belief, Defendant Zydus Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business located at 73 Route 31 N., Pennington, NJ 08534. On information and belief, Zydus Inc. is a wholly owned subsidiary of Zydus Ltd. and is controlled by Zydus Ltd.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

12. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted in concert to prepare and file the Zydus ANDA.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

## JURISDICTION

13. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**RESPONSE:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Sun and Natco admit Plaintiffs purport to bring this action under the patent laws of the United States, 35 U.S.C. §§ 100, *et. seq*. Sun and Natco admit this Court has subject matter jurisdiction over this action. For the purposes of this action only, Sun and Natco do not contest subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, or 2202. Sun and Natco deny any remaining allegations of this paragraph.

### Natco

14. This Court has personal jurisdiction over Natco under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Natco is organized under the laws of India and is not subject to jurisdiction in any State's courts of general jurisdiction and because exercising jurisdiction is consistent with the United States Constitution and laws, including because Natco has sufficient contacts with the United States that relate to the claims in this case.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. Solely for the purpose of this litigation, Natco does not contest the Court's exercise of personal jurisdiction over Natco. Sun and Natco deny any remaining allegations of this paragraph.

15. This Court also has personal jurisdiction over Natco by virtue of, *inter alia*, its having engaged in systematic and continuous contacts with the State of New Jersey; its having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior District of New Jersey actions. *See, e.g., Janssen Pharmaceutica NV v. Natco Pharma Ltd*., Civ. No. 23-3959-JKS (D.N.J. July 25, 2023); *Shire Development LLC v. Natco Pharma Ltd*., Civ. No. 14-7053-SRC (D.N.J. Nov. 10, 2014); *Celgene Corp. v. Natco Pharma Ltd. et al*., Civ. No. 14-3126-SDW (D.N.J. May 15, 2014).

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, solely for the purpose of this litigation, Natco does not contest the Court's exercise of personal jurisdiction over Natco. Sun and Natco deny any remaining allegations of this paragraph.

16. On information and belief, Natco is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

**RESPONSE:** Natco admits Natco's business operations include manufacturing pharmaceutical products approved for and distributed in the United States. Sun and Natco deny any remaining allegations of this paragraph.

17. Natco has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® throughout the United States, including in this judicial District. On information and belief, and as indicated by the Natco Notice Letter (as further defined herein), Natco prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Natco ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

**RESPONSE:** Natco admits preparing and filing the Natco ANDA. Sun and Natco deny any remaining allegations of this paragraph.

18. On information and belief, Natco plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Natco's wholly owned subsidiaries, agents, and/or alter egos.

**RESPONSE:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, for the sole purpose of this litigation, Natco does not contest personal jurisdiction in New Jersey. Natco and Sun admit that the Natco ANDA seeks approval to market Natco's ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

19. On information and belief, Natco knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Natco intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

**RESPONSE:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, for the sole purpose of this litigation, Natco does not contest personal jurisdiction in New Jersey. Natco and Sun admit that the Natco ANDA seeks approval to market Natco's ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

20. Although this Court has personal jurisdiction over Natco for at least the reasons set forth above, in the absence of such personal jurisdiction in any single state, a foreign entity such as Natco is subject to jurisdiction throughout the United States. *See* Fed. R. Civ. P. 4(k)(2); *see, e.g.*, *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1311–12 (Fed. Cir. 2019); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1003 (Fed. Cir. 2018).

**RESPONSE:** This paragraph contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, for the sole purpose of this litigation, Natco does not contest personal jurisdiction in New Jersey. Natco and Sun admit that the Natco ANDA seeks

approval to market Natco's ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

**Sun**

21. Sun Ltd. and Sun Inc. have both consented to the personal jurisdiction of this Court for the purposes of this Action.

**RESPONSE:** Solely for the purpose of this litigation, Sun USA and Sun India agreed to the personal jurisdiction of this Court in this District. Dkt. 94 at ¶ 3.

**Zydus**

22. This Court has personal jurisdiction over Zydus FZE and Zydus Ltd. under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Zydus FZE and Zydus Ltd. are organized under the laws of Dubai and India, respectively, and are not subject to jurisdiction in any State's courts of general jurisdiction and because exercising jurisdiction is consistent with the United States Constitution and laws, including because Zydus FZE and Zydus Ltd. have sufficient contacts with the United States that relate to the claims in this case.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

23. On information and belief, Zydus FZE is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

24. Zydus FZE has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Notice Letter (as further defined herein), Zydus FZE prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

25. On information and belief, Zydus FZE plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus FZE's wholly owned subsidiaries, agents, and/or alter egos.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

26. On information and belief, Zydus FZE knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus FZE intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

27. This Court also has personal jurisdiction over Zydus Ltd. by virtue of, inter alia, its having engaged in systematic and continuous contacts with the State of New Jersey, including but not limited to through its United States subsidiary Zydus Inc., which has a principal place of business in Pennington, NJ; having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior District of New Jersey actions. See, e.g., *AbbVie Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, Civ. No. 24-4603-ZNQ (D.N.J. Apr. 5, 2024); *Aragon Pharms., Inc. et al. v. Zydus Worldwide DMCC et al.*, Civ. No. 22-2964-EP (D.N.J. Apr. 14, 2024).

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

28. On information and belief, Zydus Ltd. is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

29. Zydus Ltd. has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Notice

Letter (as further defined herein), Zydus Ltd. prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

30. On information and belief, Zydus Ltd. plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus Ltd.'s wholly owned subsidiaries, agents, and/or alter egos.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

31. On information and belief, Zydus Ltd. knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus Ltd. intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

32. Although this court has personal jurisdiction over Zydus FZE and Zydus Ltd. for at least the reasons set forth above, in the absence of such personal jurisdiction in any single state, foreign entities such as Zydus FZE and Zydus Ltd. are subject to jurisdiction throughout the United States. *See* Fed. R. Civ. P. 4(k)(2); *see, e.g.*, *Genetic Veterinary Scis.*, 933 F.3d at 1311–12; *M-I Drilling Fluids UK*, 890 F.3d at 1003.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

33. This Court has personal jurisdiction over Zydus Inc. by virtue of, inter alia, its being incorporated in the State of New Jersey and having a principal place of business in Pennington, NJ, and its having engaged in systematic and continuous contacts with the State of New Jersey; its having previously admitted, consented to, or declined to contest the jurisdiction of this Court; and/or its having availed itself of this Court's rights, benefits, and privileges by asserting claims and counterclaims in prior District of New Jersey actions. See, e.g., AbbVie Inc. et al. v. Zydus Pharms. (USA) Inc. et al., Civ. No. 24-4603-ZNQ (D.N.J. Apr. 5, 2024); Aragon Pharms., Inc. et al. v. Zydus Worldwide DMCC et al., Civ. No. 22-2964-SRC (D.N.J. May 20,

2022); Valeant Pharms. N. Am. LLC v. Zydus Pharms. (USA) Inc., Civ. No. 18-13635-PGS (D.N.J. Sept. 6, 2018); Otsuka Pharm. Co. Ltd. v. Zydus Pharms. USA Inc. et al., Civ. No. 17-2754-JBS (D.N.J. Apr. 21, 2017).

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

34. On information and belief, Zydus Inc. is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of New Jersey and throughout the United States.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

35. Zydus Inc. has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, including Genentech, which sells EVRYSDI® for use throughout the United States, including in this judicial District. On information and belief, and as indicated by the Zydus Notice Letter (as further defined herein), Zydus Inc. prepared and filed, or aided, abetted, contributed to, and/or participated in the preparation and filing of the Zydus ANDA with the intention of seeking to market generic risdiplam nationwide, including within this judicial District.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

36. On information and belief, Zydus Inc. plans to market and sell generic risdiplam in the State of New Jersey, list generic risdiplam on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursement for sales of the ANDA products in the State of New Jersey, either directly or through one or more of Zydus Inc.'s wholly owned subsidiaries, agents, and/or alter egos.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

37. On information and belief, Zydus Inc. knows and intends that its proposed generic risdiplam product will be distributed and sold in New Jersey and will thereby displace sales of EVRYSDI®, causing injury to Plaintiffs. Zydus Inc. intends to take advantage of its established channels of distribution in New Jersey for the sale of its proposed generic risdiplam product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

38. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. collaborate with respect to the manufacture, regulatory approval, market, sale, and/or distribution of generic pharmaceutical products. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. are agents of one another or operate in concert as integrated parts of the same business group. On information and belief, Zydus FZE, in collaboration with Zydus Ltd. and Zydus Inc., manufactures and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

## VENUE

### Natco

39. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Natco because, inter alia, Natco is a foreign corporation that is incorporated in India and may be deemed to reside and be sued in any judicial district in the United States in which Natco is subject to the Court's personal jurisdiction. See In re HTC Corp., 889 F.3d 1349, 1357 (Fed. Cir. 2018).

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, for the sole purpose of this litigation, Natco does not contest venue in this District. Sun and Natco deny any remaining allegations in this paragraph.

### Sun

40. Sun Ltd. and Sun Inc. have both consented to venue in this District for the purposes of this Action.

**RESPONSE:** Solely for the purpose of this litigation, Sun USA and Sun India agreed to the venue of this Court in this District. Dkt. 94 at ¶3. Sun and Natco deny any remaining allegations in this paragraph.

### Zydus

41. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Zydus FZE and Zydus Ltd. because, inter alia, Zydus FZE and Zydus Ltd. are foreign corporations that are incorporated in the United Arab Emirates and India, respectively, and may be deemed to reside and be sued in any judicial

district in the United States in which Zydus FZE and Zydus Ltd., respectively, is subject to this Court's personal jurisdiction. See In re HTC Corp., 889 F.3d at 1357.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

42. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) with respect to Plaintiffs' claims against Zydus Inc. because, inter alia, Zydus Inc. resides in New Jersey by being incorporated in the State of New Jersey and by having a regular and established place of business in Pennington, NJ and, and has committed acts of infringement in the State of New Jersey including, inter alia, by participating in the submission of the Zydus ANDA in the State of New Jersey.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

**EVRYSDI®**

43. Genentech holds New Drug Application ("NDA") No. 213535 for EVRYSDI® (risdiplam) a survival of motor neuron 2 ("SMN2") splicing modifier indicated for the treatment of SMA in pediatric and adult patients, which Genentech sells under the trade name EVRYSDI®.

**RESPONSE:** Sun and Natco admit that the Orange Book indicates that Genentech Inc. is the apparent holder of NDA No. 213535 for an oral solution risdiplam. The FDA approved indication is provided in the EVRYSDI® labelling and the document speaks for itself. Sun and Natco deny any remaining allegations in this paragraph.

44. The claims of the Asserted Patents cover, inter alia, EVRYSDI® and/or its use.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, denied.

45. The active ingredient in EVRYSDI® is risdiplam.

**RESPONSE:** Admitted.

46. The EVRYSDI® prescribing information label (the "EVRYSDI® Label") states that 60 grams of risdiplam is provided as a powder for constitution to provide 0.75 mg/mL solution. EVRYSDI® comprises risdiplam or a pharmaceutically acceptable salt thereof, a stabilizer, an antioxidant, an acidifier, and one or more pharmaceutically acceptable excipients.

**RESPONSE:** The EVRYSDI® labelling speaks for itself. Sun and Natco deny any remaining allegations in this paragraph.

47. The EVRYSDI® Label states that EVRYSDI® should be administered to a patient orally once daily and that the recommended dosage of EVRYSDI® is determined by age and body weight, as follows:

**2 DOSAGE AND ADMINISTRATION**

**2.1 Dosing Information**

EVRYSDI is administered orally once daily with or without food. The recommended dosage is determined by age and body weight (see Table 1). EVRYSDI tablets are available for patients prescribed the 5 mg dose.

**Table 1 Adult and Pediatric Dosing Regimen by Age and Body Weight**

| Age and Body Weight | Recommended Daily Dosage | Dosage Form |
|---|---|---|
| Less than 2 months of age | 0.15 mg/kg | EVRYSDI for Oral Solution |
| 2 months to less than 2 years of age | 0.2 mg/kg | |
| 2 years of age and older weighing less than 20 kg | 0.25 mg/kg | |
| 2 years of age and older weighing 20 kg or more | 5 mg | EVRYSDI for Oral Solution or EVRYSDI Tablet |

EVRYSDI® Label, Section 2.

**RESPONSE:** The EVRYSDI® labelling speaks for itself. Sun and Natco deny any remaining allegations in this paragraph.

48. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the ’955, ’754, ’444, ’646, and ’136 Patents are listed in FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations (commonly known as the “Orange Book”) in connection with EVRYSDI® and the related NDA.

**RESPONSE:** Natco and Sun admit that the ’955, ’754, ’444, ’646 and ’136 Patents are listed in FDA’s Orange Book in connection with the Evrysdi® NDA. Sun and Natco deny any remaining allegations in this paragraph.

## The Natco ANDA

49. On information and belief, Natco and Sun acted collaboratively and in concert to file the Natco ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, *i.e.*, 21

U.S.C. § 355(j), seeking approval to commercially manufacture, use, sell and/or market a generic version of EVRYSDI® for oral solution (the "Natco ANDA Product").

**RESPONSE:** Natco admits to filing the Natco ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, i.e., 21 U.S.C. § 355(j), seeking regulatory approval for the risdiplam product described in the ANDA. Natco admits preparing and filing the Natco ANDA. Natco and Sun admit that the Natco ANDA seeks approval to market Natco's ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

50. On information and belief, Natco and Sun acted collaboratively and in concert to prepare and submit the Natco ANDA and continue to act collaboratively and in concert to pursue FDA approval of the Natco ANDA and to seek to market the Natco ANDA Product.

**RESPONSE:** Denied.

51. On information and belief, Natco and Sun rely on material assistance from each other to manufacture, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey. On information and belief, Natco and Sun intend to act collaboratively and in concert to commercially manufacture, market, distribute, import into the United States, offer for sale, and/or sell the Natco ANDA Product, in the event FDA approves the Natco ANDA.

**RESPONSE:** Natco and Sun admit that Sun is Natco's marketing partner for the Natco ANDA Product. Sun and Natco deny any remaining allegations in this paragraph.

52. On information and belief, the Natco ANDA refers to and relies upon the EVRYSDI® NDA and contains data that, according to Natco and Sun, demonstrates the bioequivalence of the Natco ANDA Product and EVRYSDI®.

**RESPONSE:** The Natco ANDA speaks for itself. Natco and Sun admit that the Natco ANDA seeks approval to market Natco's ANDA Product, such that it can be sold in the United States. Natco admits its ANDA product satisfies any requirement that it be bioequivalent to the reference listed drug. Sun and Natco further admit that Natco's ANDA contains a Paragraph IV certification that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture,

use, or sale of Natco's Proposed ANDA Product. Natco and Sun deny the remaining allegations of this paragraph.

53. On information and belief, Natco and Sun made and included in the Natco ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in their opinion and to the best of their knowledge, the Asserted Patents are invalid, unenforceable, and/or that certain claims will not be infringed by the Natco ANDA Product.

**RESPONSE:** Sun and Natco admit that Natco's ANDA contains a Paragraph IV certification that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco's Proposed ANDA Product. Natco and Sun deny the remaining allegations of this paragraph.

54. Genentech, Roche, and PTC received written notice of the Natco ANDA and Paragraph IV Certification by letter dated October 10, 2024 (the "Natco Notice Letter"), along with an enclosed statement (the "Natco Detailed Statement") of Natco's alleged factual and legal bases for stating that the Asserted Patents are invalid, unenforceable, and/or will not be infringed by the Natco ANDA Product.

**RESPONSE:** Natco and Sun admit that on October 10, 2024 Natco sent Plaintiffs a written notice pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(I) and 21 C.F.R. § 314.95(c)(1) that Natco had filed ANDA No. 219848 for the use or sale of an oral solution of risdiplam. Sun and Natco admit that Natco's ANDA contains a Paragraph IV certification that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco's Proposed ANDA Product. Natco and Sun deny the remaining allegations of this paragraph.

55. The Natco Detailed Statement does not provide any factual bases for stating that the '754, '444, '646, and '136 Patents will not be infringed by the Natco ANDA Product.

**RESPONSE:** Natco's Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

56. The Natco Detailed Statement does not provide any factual bases for stating that the Asserted Patents are unenforceable.

**RESPONSE:** Natco's Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

57. This action was commenced within 45 days of receipt of the Natco Notice Letter.

**RESPONSE:** Admitted.

58. Natco and Sun have infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the Natco ANDA with a Paragraph IV Certification and seeking FDA approval of the Natco ANDA prior to the expiration of the Asserted Patents or any extensions thereof.

**RESPONSE:** Denied.

59. Natco and Sun have infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by virtue of filing the Natco ANDA seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of EVRYSDI® prior to the expiration of the Asserted Patents or any extensions thereof. Natco and Sun will infringe one or more claims of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), (c), or (f) should they engage in, induce, or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the Asserted Patents or any extensions thereof.

**RESPONSE:** Denied.

## **The Zydus ANDA**

60. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to file the Zydus ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, i.e., 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, sell and/or market a generic version of EVRYSDI® for oral solution (the "Zydus ANDA Product").

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

61. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. acted collaboratively and in concert to prepare and submit the Zydus ANDA and continue to act

collaboratively and in concert to pursue FDA approval of the Zydus ANDA and to seek to market the Zydus ANDA Product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

62. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. rely on material assistance from each other to manufacture, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of New Jersey. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc. intend to act collaboratively and in concert to commercially manufacture, market, distribute, import into the United States, offer for sale, and/or sell the Zydus ANDA Product, in the event FDA approves the Zydus ANDA.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

63. On information and belief, the Zydus ANDA refers to and relies upon the EVRYSDI® NDA and contains data that, according to Zydus, demonstrates the bioequivalence of the Zydus ANDA Product and EVRYSDI®.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

64. On information and belief, Zydus made and included in its ANDA a Paragraph IV Certification that, in its opinion and to the best of its knowledge, the ’444 and ’136 Patents are invalid, unenforceable, and/or that certain claims will not be infringed by the Zydus ANDA Product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

65. Genentech and Roche received written notice of the Zydus ANDA and Paragraph IV Certification by letter dated October 21, 2024 (the “Zydus Notice Letter”), along with an enclosed statement (the “Zydus Detailed Statement”) of Zydus’s alleged factual and legal bases for stating that the ’444 and ’136 Patents are invalid, unenforceable, and/or will not be infringed by the Zydus ANDA Product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

66. The Zydus Detailed Statement does not provide any factual bases for stating that the ’444 and ’136 Patents are unenforceable.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

67. This action is being commenced within 45 days of receipt of the Zydus Notice Letter.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

68. Zydus has infringed one or more claims of the ’444 and ’136 Patents under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the Zydus ANDA with a Paragraph IV Certification and seeking FDA approval of the Zydus ANDA prior to the expiration of the ’444 and ’136 Patents or any extensions thereof.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

69. Zydus has infringed one or more claims of the ’444 and ’136 Patents under 35 U.S.C. § 271(e)(2)(A) by virtue of filing the Zydus ANDA seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the United States a generic version of EVRYSDI® prior to the expiration of ’444 and ’136 Patents or any extensions thereof. Zydus will infringe one or more claims of the ’444 and ’136 Patents under 35 U.S.C. §§ 271(a), (b), (c), or (f) should it engage in, induce, or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of a generic version of EVRYSDI® prior to the expiration of ’444 and ’136 Patents or any extensions thereof.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

## **THE ASSERTED PATENTS**

### **U.S. Patent No. 9,586,955**

70. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

71. Roche and PTC jointly own the ’955 Patent entitled “Compounds for Treating Spinal Muscular Atrophy.” Genentech, Roche, and PTC have all necessary rights in and to the ’955 Patent to assert infringement of, and seek relief for, infringement of the ’955 Patent.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sun and Natco admit that the ’955 Patent states on its face that its Assignees are PTC Therapeutics Inc. and F. Hoffman-La Roche AG, and that the ’955 Patent is titled “Compounds for Treating Spinal Muscular Atrophy.” According to the assignment database of the U.S. Patent & Trademark Office (“USPTO”), F. Hoffman-La Roche AG assigned their ownership in the ’955 Patent to Hoffman-La Roche Inc. Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore deny the same.

72. The United States Patent and Trademark Office (“USPTO”) duly and legally issued the ’955 Patent on March 7, 2017. The ’955 Patent names as inventors Hongyan Qi, Soongyu Choi, Amal Dakka, Gary Mitchell Karp, Jana Narasimhan, Nikolai Naryshkin, Anthony A. Turpoff, Marla L. Weetall, Ellen Welch, Matthew G. Woll, Tianle Yang, Nanjing Zhang, Xiaoyan Zhang, Xin Zhao, Luke Green, Emmanuel Pinard, and Hasane Ratni. Currently, the ’955 Patent is duly assigned to Roche and PTC. Roche has licensed its rights under the ’955 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® and any product containing risdiplam.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Natco and Sun admit that the USPTO issued the ’955 Patent on March 7, 2017, but deny that it was duly and legally issued. Natco and Sun admit that the ’955 Patent lists Hongyan Qi, Soongyu Choi, Amal Dakka, Gary Mitchell Karp, Jana Narasimhan, Nikolai Naryshkin, Anthony A. Turpoff, Marla L. Weetall, Ellen Welch, Matthew G. Woll, Tianle Yang, Nanjing Zhang, Xiaoyan Zhang, Xin Zhao, Luke Green, Emmanuel Pinard, and Hasane Ratni as purported inventors on the face of the patent. Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore deny the same.

73. A true and correct copy of the ’955 Patent is attached to this Complaint as Exhibit A.

**RESPONSE:** Natco and Sun admit that Plaintiffs purport to attach a copy of the ’955 Patent to the Complaint as Exhibit A. Natco and Sun deny any remaining allegations of this paragraph.

74. The ’955 Patent claims chemical compounds with a pyridopyrimidinone core. For example, claim 1 of the ’955 Patent claims:

A compound of Formula (IIa1):

(IIa1)



or a form thereof, wherein:

R1 is heterocyclyl;

wherein, heterocyclyl is optionally substituted with one, two or three R3 substituents and optionally, with one additional R4 substituent; or,

wherein, heterocyclyl is optionally substituted with one, two, three or four R3 substituents;

R2 is heteroaryl;

wherein, heteroaryl is optionally substituted with one, two or three R6 substituents and optionally, with one additional R7 substituent;

Ra is, in each instance, independently selected from hydrogen, halogen or C1-8alkyl;

Rb is hydrogen, halogen, C1-8alkyl or C1-8alkoxy;

Rc is hydrogen, halogen or C1-8alkyl;

R3 is, in each instance, independently selected from cyano, halogen, hydroxy, oxo, C1-8alkyl, halo-C1-8alkyl, C1-8alkyl-carbonyl, C1-8alkoxy, halo-C1-8alkoxy, C1-8alkoxy-C1-8alkyl, C1-8alkoxycarbonyl, amino, C1-8alkyl-amino, (C1-8alkyl)2-amino, amino-C1-8alkyl, C1-8alkyl-amino-C1-8alkyl, (C1-8alkyl)2-amino-C1-8alkyl,

> amino-C1-8alkyl-amino, C1-8alkyl-amino-C1-8alkyl-amino, (C1-8alkyl-amino-C1-8alkyl)2-amino, (C1-8alkyl)2-amino-C1-8alkylamino, [(C1-8alkyl)2-amino-C1-8alkyl]z-amino, (C1-8alkyl-amino-C1-8alkyl)(C1-8alkyl)amino, [(C1-8alkyl)2-amino-C1-8alkyl](C1-8alkyl)amino, C1-8alkoxy-C1-8alkyl-amino, (C1-8alkoxy-C1-8alkyl)2-amino, (C1-8alkoxy-C1-8alkyl)(C1-8alkyl)amino, C1-8alkyl-carbonylamino, C1-8alkoxy-carbonyl-amino, hydroxy-C1-8alkyl, hydroxy-C1-8alkoxy-C1-8alkyl, hydroxy-C1-8alkyl-amino, (hydroxy-C1-8alkyl)2-amino or (hydroxy-C1-8alkyl)(C1-8alkyl)amino;
>
> R4 is C3-14cycloalkyl, C3-14cycloalkyl-C1-8alkyl, C3-14cycloalkylamino, aryl-C1-8alkyl, aryl-C1-8alkoxy-carbonyl, aryl-sulfonyloxy-C1-8alkyl, heterocyclyl or heterocyclyl-C1-8alkyl; wherein, each instance of C3-14cycloalkyl, aryl and heterocyclyl is optionally substituted with one, two or three R5 substituents;
>
> R5 is, in each instance, independently selected from halogen, hydroxy, cyano, nitro, C1-8alkyl, halo-C1-8alkyl, C1-8alkoxy, halo-C1-8alkoxy, amino, C1-8alkyl-amino, (C1-8alkyl)2-amino or C1-8alkylthio;
>
> R6 is, in each instance, independently selected from halogen, hydroxy, cyano, nitro, C1-8alkyl, C2-8alkenyl, halo-C1-8alkyl, hydroxy-C1-8alkyl, C1-8alkoxy, halo-C1-8alkoxy, C1-8alkoxy-C1-8 alkyl, amino, C1-8alkyl-amino, (C1-8alkyl)2-amino or C1-8alkyl-thio; and,
>
> R7 is C3-14cycloalkyl, C3-14cycloalkyl-oxy, aryl, heterocyclyl or heteroaryl.

**RESPONSE:** The ’955 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

75. As a further example, claim 11 claims:

> The compound of claim 1, wherein R2 is heteroaryl selected from furo[3,2-b]pyridinyl, furo[3,2-c]pyridinyl, furo[2,3-c]pyridinyl, thieno[3,2-c]pyridinyl, thieno[2,3-d]pyrimidinyl, 1H-pyrrolo[2,3-b]pyridinyl, 1H-pyrrolo[2,3-c]pyridinyl, pyrrolo[1,2-a]pyrimidinyl, pyrrolo[1,2-a]pyrazinyl, pyrrolo[1,2-b]pyridazinyl, pyrazolo[1,5-a]pyridinyl, pyrazolo[1,5-a]pyrazinyl, imidazo[1,2-a]pyridinyl, imidazo[1,2-a]pyrimidinyl, imidazo[1,2-c]pyrimidinyl, imidazo[1,2-b]pyridazinyl, imidazo[1,2-a]pyrazinyl, imidazo[2,1-b][1,3]thiazolyl, imidazo[2,1-b][1,3,4]thiadiazolyl, [1,3]oxazolo[4,5-b]pyridinyl and quinoxalinyl; wherein, each instance of heteroaryl is optionally substituted with one, two or three

R6 substituents and optionally, with one additional R7 substituent.

**RESPONSE:** The ’955 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

**U.S. Patent No. 9,969,754**

76. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

77. Roche and PTC jointly own the ’754 Patent entitled “Compounds for Treating Spinal Muscular Atrophy.” The USPTO duly and legally issued the ’754 Patent on May 15, 2018. The ’754 Patent names as inventors Hasane Ratni, Luke Green, Marla L. Weetall, and Nikolai A. Naryshkin. Currently, the ’754 Patent is duly assigned to Roche and PTC. Roche has licensed its rights under the ’754 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® and any product containing risdiplam. Genentech, Roche, and PTC have all necessary rights in and to the ’754 Patent to assert infringement of, and seek relief for, infringement of the ’754 Patent.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sun and Natco admit that the ’754 Patent states on its face that its Assignees are PTC Therapeutics Inc. and Hoffman-La Roche Inc., and that the ’754 Patent is titled “Compounds for Treating Spinal Muscular Atrophy.” Sun and Natco admit that the ’754 Patent lists Hasane Ratni, Luke Green, Marla L. Weetall, and Nikolai A. Naryshki as purported inventors. Sun admits that the face of the ’754 Patent states that it was issued on May 15, 2018 but denies that the ’754 Patent was duly and legally issued. Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore deny the same.

78. A true and correct copy of the ’754 Patent is attached to this Complaint as Exhibit B.

**RESPONSE:** Natco and Sun admit that Plaintiffs purport to attach a copy of the ’754 Patent to

the Complaint as Exhibit B. Natco and Sun deny any remaining allegations of this paragraph.

79. The ’754 Patent claims chemical compounds with a pyridopyrimidinone core and an imidazopyridizine group. For example, claim 36 of the ’754 Patent claims:

> A compound of claim 24, wherein the compound is 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b] pyridazine-6-yl)pyrido[1,2-a]pyrimidin-4-one.

**RESPONSE:** The ’754 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

80. The ’754 Patent also claims a method of treating SMA in a human using chemical compounds with a pyridopyrimidinone core and an imidazopyridizine group. For example, claim 28 of the ’754 Patent claims:

> A method for the treatment of spinal muscular atrophy in a human, which method comprises administering a therapeutically effective amount of a compound of formula (I) according to claim 1, or a pharmaceutically acceptable thereof, to a human in need of such treatment.

**RESPONSE:** The ’754 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

**U.S. Patent No. 11,534,444**

81. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

82. Roche owns the ’444 Patent entitled “Treatment of SMA.” The USPTO duly and legally issued the ’444 Patent on December 27, 2022. The ’444 Patent names as inventors Jean-Paul Pfefen, Heidemarie Kletzl, and Lutz Mueller. Currently, the ’444 Patent is duly assigned to Roche. Roche has licensed its rights under the ’444 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® and any product containing risdiplam. Genentech and Roche have all necessary rights in and to the ’444 Patent to assert infringement of, and seek relief for, infringement of the ’444 Patent.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sun and Natco admit that the ’444 Patent states on its face that its

Assignee is Hoffman-La Roche Inc., and that the ’444 Patent is titled “Treatment of SMA.” Sun and Natco admit that the ’444 Patent lists Jean-Paul Pfefen, Heidemarie Kletzl, and Lutz Mueller as purported inventors. Sun admits that the face of the ’444 Patent states that it was issued on December 27, 2022 but denies that the ’444 Patent was duly and legally issued. Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

83. A true and correct copy of the ’444 Patent is attached to this Complaint as Exhibit C.

**RESPONSE:** Natco and Sun admit that Plaintiffs purport to attach a copy of the ’444 Patent to the Complaint as Exhibit C. Natco and Sun deny any remaining allegations of this paragraph.

84. The ’444 Patent claims methods for treating SMA using specific amounts of risdiplam based on the patient’s body weight. For example, claim 1 of the ’444 Patent claims:

> A method of treating spinal muscular atrophy (SMA) in a subject in need thereof comprising administering to said subject 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b]pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one or a pharmaceutically acceptable salt thereof, wherein the administered dose of 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b]pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one or a pharmaceutically acceptable salt thereof is
>
> a. 0.25 mg/kg for a subject with a body weight of less than 20 kg, and
>
> b. 5 mg for a subject with a body weight of more than or equal to 20 kg.

**RESPONSE:** The ’444 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

**<u>U.S. Patent No. 11,827,646</u>**

85. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

86. Roche and PTC jointly own the ’646 Patent entitled “Compounds for Treating Spinal Muscular Atrophy.” The USPTO duly and legally issued the ’646 Patent on November 28, 2023. The ’646 Patent names as inventors Hasane Ratni, Luke Green, Marla L. Weetall, and Nikolai A. Naryshkin. Currently, the ’646 Patent is duly assigned to Roche and PTC. Roche has licensed its rights under the ’646 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® and any product containing risdiplam. Genentech, Roche, and PTC have all necessary rights in and to the ’646 Patent to assert infringement of, and seek relief for, infringement of the ’646 Patent.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sun and Natco admit that the ’646 Patent states on its face that its Assignees are PTC Therapeutics, Inc. and Hoffman-La Roche Inc., and that the ’646 Patent is titled “Compounds for Treating Spinal Muscular Atrophy.” Sun and Natco admit that the ’646 Patent lists Hasane Ratni, Luke Green, Marla L. Weetall, and Nikolai A. Naryshkin as purported inventors. Sun admits that the face of the ’646 Patent states that it was issued on November 28, 2023 but denies that the ’646 Patent was duly and legally issued. Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore deny the same.

87. A true and correct copy of the ’646 Patent is attached to this Complaint as Exhibit D.

**RESPONSE:** Natco and Sun admit that Plaintiffs purport to attach a copy of the ’646 Patent to the Complaint as Exhibit D. Natco and Sun deny any remaining allegations of this paragraph.

88. The ’646 Patent claims methods of treating SMA using risdiplam. For example, claim 1 of the ’646 Patent claims:

> A method for the treatment of spinal muscular atrophy in a human in need thereof, said method comprising administering to said human a therapeutically effective amount of



or a pharmaceutically acceptable salt thereof.

**RESPONSE:** The ’646 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

89. As another example, claim 11 of the ’646 Patent claims:

A method for the treatment of spinal muscular atrophy in a human in need thereof, said method comprising administering to said human a therapeutically effective amount of



**RESPONSE:** The ’646 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

**U.S. Patent No. 11,938,136**

90. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

91. Roche owns the ’136 Patent entitled “Compositions for Treating Spinal Muscular Atrophy.” The USPTO duly and legally issued the ’136 Patent on March 26, 2024. The ’136 Patent names as inventors Jochem Alsenz, Olaf Grassmann, Peter Kuehl, Friedrich Metzger, Kathleen Dorothy McCarthy, Eduardo Paulo Morawski Vianna, and Marvin Lloyd Woodhouse. Currently, the ’136 Patent is duly assigned to Roche. Roche has licensed its rights under the ’136 Patent to Genentech for the commercialization, manufacture, and sale of EVRYSDI® and any product containing risdiplam. Genentech and Roche have all necessary rights in and to the ’136 Patent to assert infringement of, and seek relief for, infringement of the ’136 Patent.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sun and Natco admit that the ’136 Patent states on its face that its Assignee is Hoffman-La Roche Inc., and that the ’136 Patent is titled “Compositions for Treating Spinal Muscular Atrophy.” Sun and Natco admit that the face of the ’136 Patent lists Jochem Alsenz, Olaf Grassmann, Peter Kuehl, Friedrich Metzger, Kathleen Dorothy McCarthy, Eduardo Paulo Morawski Vianna, and Marvin Lloyd Woodhouse as purported inventors. Sun admits that the face of the ’136 Patent states that it was issued on March 26, 2024 but denies that the ’136 Patent was duly and legally issued. Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

92. A true and correct copy of the ’136 Patent is attached to this Complaint as Exhibit E.

**RESPONSE:** Natco and Sun admit that Plaintiffs purport to attach a copy of the ’136 Patent to the Complaint as Exhibit E. Natco and Sun deny any remaining allegations of this paragraph.

93. The ’136 Patent claims formulations of pharmaceutical compositions comprising risdiplam. As an example, claim 1 of the ’136 Patent claims:

> A dry granulated powder blend for an oral solution, said dry granulated powder blend comprising
>
> 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b] pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one or a pharmaceutically acceptable salt thereof;
>
> a stabilizer comprising disodium ethylenediaminetetraacetate;
>
> an antioxidant comprising ascorbic acid; and
>
> an acidifier comprising tartaric acid.

**RESPONSE:** The ’136 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

94. The ’136 Patent also claims aqueous solutions comprising a dry granulated blend. For example, claim 35 of the ’136 Patent claims:

> An aqueous solution comprising the dry granulated blend of claim 24 constituted in said solution.

**RESPONSE:** The ’136 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

95. The ’136 Patent also claims kits for the preparation of pharmaceutical compositions comprising risdiplam. For example, claim 36 of the ’136 Patent claims:

> A kit for the preparation of a pharmaceutical composition comprising 7-(4,7-diazaspiro[2.5]octan-7-yl)-2-(2,8-dimethylimidazo[1,2-b]pyridazin-6-yl)pyrido[1,2-a]pyrimidin-4-one, or a pharmaceutically acceptable salt thereof, wherein the kit comprises the dry granulated powder blend of claim 1.

**RESPONSE:** The ’136 Patent speaks for itself. Natco and Sun deny any remaining allegations of this paragraph.

**COUNT I**
**(BY ALL PLAINTIFFS)**

**Alleged Infringement of the ’955 Patent by Natco and Sun**

96. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

97. On information and belief, Natco in collaboration with Sun submitted the Natco ANDA to FDA, and thereby seeks FDA approval of the Natco ANDA Product.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

98. Natco and Sun have infringed at least claims 1 and 11 of the ’955 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Natco ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the

United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the ’955 Patent. At least claims 1 and 11 of the ’955 Patent encompass risdiplam. In the Natco Notice Letter, Natco has not contested infringement of claims 1–8, 10, 11, or 20 of the ’955 Patent.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States prior to the expiration of the Asserted Patents. Natco and Sun admit that Natco’s ANDA contains a Paragraph IV certification that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco’s Proposed ANDA Product. Natco’s Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

99. Natco and Sun’s commercial manufacture, use, offer to sell, sale, or importation of the Natco ANDA Product before the expiration of the ’955 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’955 Patent, including, but not limited to, claims 1 and 11, under 35 U.S.C. § 271. Natco and Sun’s infringement of at least claims 1 and 11 is either literal or under the doctrine of equivalents.

**RESPONSE:** Denied.

100. Plaintiffs will be harmed substantially and irreparably if Natco and Sun are not enjoined from infringing the ’955 Patent and/or if FDA is not enjoined from approving the Natco ANDA before the ’955 Patent expires.

**RESPONSE:** Denied.

101. Plaintiffs have no adequate remedy at law.

**RESPONSE:** Denied.

102. Plaintiffs are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Natco ANDA to be a date which is not any earlier than the expiration date of the ’955 Patent, including any extensions, adjustments, and exclusivities associated with the ’955 Patent.

**RESPONSE:** Denied.

103. Natco and Sun were aware of the ’955 Patent when they submitted the Natco ANDA. On information and belief, Natco’s statement of the factual and legal basis regarding the invalidity of the ’955 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Natco and Sun admit the ’955 Patent is listed in the Orange Book with respect to EVRYSDI® and that Natco’s ANDA included a Paragraph IV certification to that patent. Natco and Sun deny any remaining allegations in this paragraph.

**COUNT II**
**(BY ALL PLAINTIFFS)**

**Alleged Infringement of the ’754 Patent by Natco and Sun**

104. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

105. On information and belief, Natco in collaboration with Sun submitted the Natco ANDA to FDA, and thereby seeks FDA approval of the Natco ANDA Product.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

106. Natco and Sun have infringed at least claims 28 and 36 of the ’754 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Natco ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the ’754 Patent. At least claim 36 of the ’754 Patent encompasses risdiplam and claim 28 of the ’754 Patent encompasses treating SMA with a therapeutically effective amount of risdiplam. In the Natco Notice Letter, Natco has not contested infringement of claims 28 and 36—or any claim—of the ’754 Patent.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States prior to the expiration of the Asserted Patents. Natco and Sun admit that Natco’s ANDA contains a Paragraph IV certification that the

patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco's Proposed ANDA Product. Natco's Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

107. On information and belief, the Natco ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe claim 28 of the '754 Patent.

**RESPONSE:** Denied.

108. On information and belief, the Natco ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe claim 28 of the '754 Patent.

**RESPONSE:** Denied.

109. Natco and Sun's commercial manufacture, use, offer to sell, sale, or importation of the Natco ANDA Product before the expiration of the '754 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the '754 Patent, including, but not limited to, claims 28 and 36, under 35 U.S.C. § 271. Natco and Sun's infringement of at least claims 28 and 36 is either literal or under the doctrine of equivalents.

**RESPONSE:** Denied.

110. Plaintiffs will be harmed substantially and irreparably if Natco and Sun are not enjoined from infringing the '754 Patent and/or if FDA is not enjoined from approving the Natco ANDA before the '754 Patent expires.

**RESPONSE:** Denied.

111. Plaintiffs have no adequate remedy at law.

**RESPONSE:** Denied.

112. Plaintiffs are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Natco ANDA to be a date which is not any earlier than the expiration date of the '754 Patent, including any extensions, adjustments, and exclusivities associated with the '754 Patent.

**RESPONSE:** Denied.

113. Natco and Sun were aware of the ’754 Patent when they submitted the Natco ANDA. On information and belief, Natco’s statement of the factual and legal basis regarding the invalidity of the ’754 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Natco and Sun admit the ’754 Patent is listed in the Orange Book with respect to EVRYSDI® and that Natco’s ANDA included a Paragraph IV certification to that patent. Natco and Sun deny any remaining allegations in this paragraph.

**COUNT III**
**(BY GENENTECH AND ROCHE)**

**Alleged Infringement of the ’444 Patent by Natco and Sun**

114. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

115. On information and belief, Natco in collaboration with Sun submitted the Natco ANDA to FDA, and thereby seeks FDA approval of the Natco ANDA Product.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

116. Natco and Sun have infringed at least claim 1 of the ’444 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Natco ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the ’444 Patent. At least claim 1 of the ’444 Patent encompasses a method of treating SMA in a patient in need thereof with risdiplam according to specific weight-based dosing. In the Natco Notice Letter, Natco has not contested infringement of claim 1—or any claim—of the ’444 Patent.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States prior to the expiration of the Asserted Patents. Natco and Sun admit that Natco’s ANDA contains a Paragraph IV certification that the

patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco's Proposed ANDA Product. Natco's Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

117. On information and belief, the Natco ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 1 of the '444 Patent.

**RESPONSE:** Denied.

118. On information and belief, the Natco ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the '444 Patent.

**RESPONSE:** Denied.

119. Natco and Sun's commercial manufacture, use, offer to sell, sale, or importation of the Natco ANDA Product before the expiration of the '444 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the '444 Patent, including, but not limited to, claim 1, under 35 U.S.C. § 271. Natco and Sun's infringement of at least claim 1 is either literal or under the doctrine of equivalents.

**RESPONSE:** Denied.

120. Genentech and Roche will be harmed substantially and irreparably if Natco and Sun are not enjoined from infringing the '444 Patent and/or if FDA is not enjoined from approving the Natco ANDA before the '444 Patent expires.

**RESPONSE:** Denied.

121. Genentech and Roche have no adequate remedy at law.

**RESPONSE:** Denied.

122. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Natco ANDA to be a date which is not any earlier than the expiration date of the '444 Patent, including any extensions, adjustments, and exclusivities associated with the '444 Patent.

**RESPONSE:** Denied.

123. Natco and Sun were aware of the ’444 Patent when they submitted the Natco ANDA. On information and belief, Natco’s statement of the factual and legal basis regarding the invalidity of the ’444 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Natco and Sun admit the ’444 Patent is listed in the Orange Book with respect to EVRYSDI® and that Natco’s ANDA included a Paragraph IV certification to that patent. Natco and Sun deny any remaining allegations in this paragraph.

**COUNT IV**
**(BY ALL PLAINTIFFS)**

**Alleged Infringement of the ’646 Patent by Natco and Sun**

124. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

125. On information and belief, Natco in collaboration with Sun submitted the Natco ANDA to FDA, and thereby seeks FDA approval of the Natco ANDA Product.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

126. Natco and Sun have infringed at least claims 1 and 11 of the ’646 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Natco ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the ’646 Patent. At least claims 1 and 11 of the ’646 Patent encompasses treating SMA with a therapeutically effective amount of risdiplam. In the Natco Notice Letter, Natco has not contested infringement of claims 1 and 11—or any claim—of the ’646 Patent.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States prior to the expiration of the Asserted Patents. Natco and Sun admit that Natco’s ANDA contains a Paragraph IV certification that the

patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco's Proposed ANDA Product. Natco's Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

127. On information and belief, the Natco ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claims 1 and 11 of the '646 Patent.

**RESPONSE:** Denied.

128. On information and belief, the Natco ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1 and 11 of the '646 Patent.

**RESPONSE:** Denied.

129. Natco and Sun's commercial manufacture, use, offer to sell, sale, or importation of the Natco ANDA Product before the expiration of the '646 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the '646 Patent, including, but not limited to, claims 1 and 11, under 35 U.S.C. § 271. Natco and Sun's infringement of at least claims 1 and 11 is either literal or under the doctrine of equivalents.

**RESPONSE:** Denied.

130. Plaintiffs will be harmed substantially and irreparably if Natco and Sun are not enjoined from infringing the '646 Patent and/or if FDA is not enjoined from approving the Natco ANDA before the '646 Patent expires.

**RESPONSE:** Denied.

131. Plaintiffs have no adequate remedy at law.

**RESPONSE:** Denied.

132. Plaintiffs are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Natco ANDA to be a date which is not any earlier than the expiration date of the '646 Patent, including any extensions, adjustments, and exclusivities associated with the '646 Patent.

**RESPONSE:** Denied.

133. Natco and Sun were aware of the ’646 Patent when they submitted the Natco ANDA. On information and belief, Natco’s statement of the factual and legal basis regarding the invalidity of the ’646 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Natco and Sun admit the ’646 Patent is listed in the Orange Book with respect to EVRYSDI® and that Natco’s ANDA included a Paragraph IV certification to that patent. Natco and Sun deny any remaining allegations in this paragraph.

**COUNT V**
**(BY GENENTECH AND ROCHE)**

**Alleged Infringement of the ’136 Patent by Natco and Sun**

134. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

135. On information and belief, Natco in collaboration with Sun submitted the Natco ANDA to FDA, and thereby seeks FDA approval of the Natco ANDA Product.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco’s ANDA Product, such that it can be sold in the United States. Sun and Natco deny any remaining allegations in this paragraph.

136. Natco and Sun have infringed at least claims 1, 35, and 36 of the ’136 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Natco ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the ’136 Patent. At least claim 1 of the ’136 Patent encompasses a dry granulated powder blend for an oral solution comprising, *inter alia*, risdiplam, at least claim 35 of the ’136 Patent encompasses an aqueous solution comprising a dry granulated powder blend comprising risdiplam, and at least claim 36 of the ’136 Patent encompasses a kit for the preparation of a pharmaceutical composition comprising risdiplam. In the Natco Notice Letter, Natco has not contested infringement of claims 1, 35, and 36—or any claim—of the ’136 Patent.

**RESPONSE:** Natco and Sun admit that the Natco ANDA seeks approval to market Natco's ANDA Product, such that it can be sold in the United States prior to the expiration of the Asserted Patents. Natco and Sun admit that Natco's ANDA contains a Paragraph IV certification that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Natco's Proposed ANDA Product. Natco's Notice Letter and Detailed Statement speak for themselves. Additionally, all bases of noninfringement, invalidity, and unenforceability do not need to be included in a notice letter. Natco and Sun deny the remaining allegations of this paragraph.

137. On information and belief, the Natco ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 35 of the '136 Patent.

**RESPONSE:** Denied.

138. On information and belief, the Natco ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 35 and 36 of the '136 Patent.

**RESPONSE:** Denied.

139. Natco and Sun's commercial manufacture, use, offer to sell, sale, or importation of the Natco ANDA Product before the expiration of the '136 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the '136 Patent, including, but not limited to, claims 1, 35, and 36, under 35 U.S.C. § 271. Natco and Sun's infringement of at least claims 1, 35, and 36 is either literal or under the doctrine of equivalents.

**RESPONSE:** Denied.

140. Genentech and Roche will be harmed substantially and irreparably if Natco and Sun are not enjoined from infringing the '136 Patent and/or if FDA is not enjoined from approving the Natco ANDA before the '136 Patent expires.

**RESPONSE:** Denied.

141. Genentech and Roche have no adequate remedy at law.

**RESPONSE:** Denied.

142. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Natco ANDA to be a date which is not any earlier than the expiration date of the ’136 Patent, including any extensions, adjustments, and exclusivities associated with the ’136 Patent.

**RESPONSE:** Denied.

143. Natco and Sun were aware of the ’136 Patent when they submitted the Natco ANDA. On information and belief, Natco’s statement of the factual and legal basis regarding the invalidity of the ’136 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Natco and Sun admit the ’136 Patent is listed in the Orange Book with respect to EVRYSDI® and that Natco’s ANDA included a Paragraph IV certification to that patent. Natco and Sun deny any remaining allegations in this paragraph.

**COUNT VI**
**(BY GENENTECH AND ROCHE)**

**Alleged Infringement of the ’444 Patent by Zydus**

144. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

145. On information and belief, Zydus submitted the Zydus ANDA to FDA, and thereby seeks FDA approval of the Zydus ANDA Product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

146. Zydus has infringed at least claim 1 of the ’444 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® prior to the expiration of the ’444 Patent. At least claim 1 of the ’444 Patent encompasses a method of treating SMA in a patient in need thereof with risdiplam according to specific weight-based dosing. In the Zydus Notice Letter, Zydus has not contested infringement of claims 1–18 or claims 20–35 of the ’444 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

147. Zydus FZE, Zydus Ltd., and Zydus Inc. are jointly and severally liable for the infringement of one or more claims of the ’444 Patent. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc.’s participation in, contribution to, inducement of, aiding or abetting the submission of the Zydus ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the ’444 Patent under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

148. On information and belief, the Zydus ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 1 of the ’444 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

149. On information and belief, the Zydus ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the ’444 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

150. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus ANDA Product before the expiration of the ’444 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’444 Patent, including, but not limited to, claim 1, under 35 U.S.C. § 271. Zydus’s infringement of at least claim 1 is either literal or under the doctrine of equivalents.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

151. Genentech and Roche will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’444 Patent and/or if FDA is not enjoined from approving the Zydus ANDA before the ’444 Patent expires.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

152. Genentech and Roche have no adequate remedy at law.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

153. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus ANDA to be a date which is not any earlier than the expiration date of the ’444 Patent, including any extensions, adjustments, and exclusivities associated with the ’444 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

154. Zydus was aware of the ’444 Patent when it submitted its ANDA. On information and belief, Zydus’s statement of the factual and legal basis regarding the invalidity and noninfringement of the ’444 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

**COUNT VII**
**(BY GENENTECH AND ROCHE)**

**Alleged Infringement of the ’136 Patent by Zydus**

155. The allegations above are incorporated herein by reference.

**RESPONSE:** Sun and Natco incorporate by reference their responses to the above paragraphs as if fully set forth herein.

156. On information and belief, Zydus submitted the Zydus ANDA to FDA, and thereby seeks FDA approval of the Zydus ANDA Product.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

157. Zydus has infringed at least claims 1, 35, and 36 of the ’136 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale in the United States or importation into the United States of a generic version of EVRYSDI® in the United States prior to the expiration of the ’136 Patent. At least claim 1 of the ’136 Patent encompasses a dry granulated powder blend for an oral solution comprising, *inter alia*, risdiplam, at least claim 35 of the ’136 Patent encompasses an aqueous solution comprising a dry granulated powder blend comprising risdiplam, and at least claim 36 of the ’136 Patent encompasses a kit for the preparation of a pharmaceutical composition comprising risdiplam.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

158. Zydus FZE, Zydus Ltd., and Zydus Inc. are jointly and severally liable for the infringement of one or more claims of the ’136 Patent. On information and belief, Zydus FZE, Zydus Ltd., and Zydus Inc.’s participation in, contribution to, inducement of, aiding or abetting the submission of the Zydus ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the ’136 Patent under 35 U.S.C.§ 271(e)(2)(A).

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

159. On information and belief, the Zydus ANDA essentially copies the EVRYSDI® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians and/or patients to infringe at least claim 35 of the ’136 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

160. On information and belief, the Zydus ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 35 and 36 of the ’136 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

161. Zydus’s commercial manufacture, use, offer to sell, sale, or importation of the Zydus ANDA Product before the expiration of the ’136 Patent would directly infringe, or contribute to or induce infringement of, one or more claims of the ’136 Patent, including, but not

limited to, claims 1, 35, and 36, under 35 U.S.C. § 271. Zydus's infringement of at least claims 1, 35, and 36, is either literal or under the doctrine of equivalents.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

162. Genentech and Roche will be harmed substantially and irreparably if Zydus is not enjoined from infringing the '136 Patent and/or if FDA is not enjoined from approving the Zydus ANDA before the '136 Patent expires.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

163. Genentech and Roche have no adequate remedy at law.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

164. Genentech and Roche are entitled to all relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that FDA set the effective date of approval for the Zydus ANDA to be a date which is not any earlier than the expiration date of the '136 Patent, including any extensions, adjustments, and exclusivities associated with the '136 Patent.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

165. Zydus was aware of the '136 Patent when it submitted its ANDA. On information and belief, Zydus's statement of the factual and legal basis regarding the invalidity and noninfringement of the '136 Patent is devoid of a good faith basis in either the facts or the law.

**RESPONSE:** Sun and Natco lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore deny the same.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint recites a prayer for relief for which no response is required. To the extent an answer is required, Natco and Sun deny that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in their Answer to the First Amended Complaint, and without admitting any allegations of the First Amended Complaint not expressly admitted, Natco and Sun assert the following separate defenses to the First Amended Complaint without assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs.

## FIRST SEPARATE DEFENSE

The manufacture, use, or sale, offer for sale, or importation of the product(s) that is the subject of Natco's ANDA has not infringed, does not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any valid or enforceable claim of the Asserted Patents.

## SECOND SEPARATE DEFENSE

Each claim of the Asserted Patents is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code or Obviousness Type Double Patenting.

## THIRD SEPARATE DEFENSE

Each claim of the Asserted Patents is invalid as anticipated and/or obvious, pursuant to 35 U.S.C. §§ 102 and/or 103, respectively, for example, for at least the reasons set forth in Natco's Notice Letter.

## FOURTH SEPARATE DEFENSE

Each claim of the Asserted Patents is invalid, pursuant to 35 U.S.C. § 112, as, for example, indefinite, not enabled and/or failing to provide adequate written description.

**FIFTH SEPARATE DEFENSE**

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent applications leading to the Asserted Patents, and specifically prosecution history estoppel, Plaintiffs are estopped from maintaining that any valid or enforceable claim of the Asserted Patents is infringed by the product that is the subject of Natco's ANDA.

**SIXTH SEPARATE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SEVENTH SEPARATE DEFENSE**

Any and all additional defenses and counterclaims that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, Natco and Sun request that the Court enter judgment in their favor and against Plaintiffs as follows:

a. Dismissing the Complaint with prejudice and denying each and every prayer for relief contained therein;

b. Declaring that the claims of the Asserted Patents are invalid and/or unenforceable;

c. Declaring that Natco's Proposed ANDA Product does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the Asserted Patents;

d. Declaring that Plaintiffs are not entitled to any injunctive remedy for the Asserted Patents;

e. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Natco's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the Asserted Patents;

f. Declaring this an exceptional case in favor of Natco and Sun and awarding their

attorneys' fees pursuant to 35 U.S.C. § 285 and/or under all applicable statutes and rules in common law that would be appropriate;

g. Awarding costs and expenses under all applicable statutes and rules in common law that would be appropriate; and

h. Awarding any and all such other relief as the Court determines to be just and proper.

Dated: March 5, 2026

**RIVKIN RADLER LLP**

*s/ Gregory D. Miller*

Gregory D. Miller
Timothy P. Gonzalez
Catherine Salerno
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601-7082
Telephone: 201-287-2460
Facsimile: 201-489-0495
gregory.miller@rivkin.com
timothy.gonzalez@rivkin.com
catherine.salerno@rivkin.com

OF COUNSEL:

Robert Cerwinski (admitted *pro hac vice*)
Michael Johnson (admitted *pro hac vice*)
C Kyle Musgrove (admitted *pro hac vice*)
Brigid Morris (admitted *pro hac vice*)
Zachary Travis (admitted *pro hac vice*)
**GEMINI LAW LLP**
32 W 39th Street
New York, NY 10018
(917) 915-8832
rcerwinski@geminilaw.com
mjohnson@geminilaw.com
Kmusgrove@geminilaw.com
bmorris@geminilaw.com
ztravis@geminilaw.com

*Attorneys for Defendants Natco Pharma Limited, Sun Pharmaceutical Industries, Ltd., and Sun Pharmaceutical Industries, Inc.*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify, to the best of my knowledge, Sun and Natco are not aware of any other action in any court or any pending arbitration or administrative proceeding related to this consolidated matter.

Dated: March 5, 2026

*s/ Gregory D. Miller*
Gregory D. Miller

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, *inter alia*, injunctive and declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: March 5, 2026

*s/ Gregory D. Miller*
Gregory D. Miller

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of Sun and Natco's foregoing Answer and Separate Defenses was filed via ECF and served on all counsel of record by electronic mail on March 5, 2026.

*s/ Gregory D. Miller*
Gregory D. Miller